**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00018-TWP-MJD |
| | ) | |
| BRIAN GEARLDS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING THE GOVERNMENT'S OBJECTION AND**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the Government's Objection ("Objection") (Dkt. 85) to the Magistrate Judge's Report and Recommendation ("Report and Recommendation"). For the reasons explained below, the Government's Objection is **overruled**, and the Court **adopts** the Magistrate Judge's Report and Recommendation (Dkt. 84).

## I.    BACKGROUND

On June 1, 2021, following a plea of guilty to unlawful possession of a firearm by a convicted felon, Defendant Brian Gearlds ("Mr. Gearlds") was sentenced to 51 months' imprisonment, followed by 36 months of supervised release. He was released from the Bureau of Prisons and his supervision commenced on July 2, 2024.

On March 3, 2026, an Amended Petition for Warrant of Summons for Offender under Supervision was filed, based on the Probation Officer's belief that Mr. Gearlds had for the sixth time violated conditions of his supervision (Dkt. 79). Pursuant to 18 U.S.C. § 3401(i), the Court designated the criminal duty magistrate judge to appoint counsel for Mr. Gearlds as necessary, to conduct the hearing on the Amended Petition for Warrant or Summons for Offender Under

Supervision, and to submit to the undersigned proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e) (Dkt. 77).

On March 20, 2026, the Magistrate Judge held a hearing on the allegations. Mr. Gearlds appeared in person with Federal Community Defenders counsel Joseph Cleary. The Government appeared by MaryAnn Mindrum, Assistant United States Attorney. U.S. Probation appeared by Officer Bethany Greenup. The Magistrate Judge conducted a hearing in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583. After being placed under oath, Mr. Gearlds admitted to the following allegations concerning violation No. 1, as set forth in the Amended Petition:

Nature of Noncompliance

1: "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

On March 4, 2026, Mr. Gearlds tested positive for fentanyl and amphetamines.

As previously reported to the Court, on December 2 and 9, 2024, Mr. Gearlds tested positive for fentanyl.
On January 7, 2025, Mr. Gearlds tested positive for fentanyl.
On January 13, 2025, Mr. Gearlds tested positive for fentanyl, cocaine, opiates, and amphetamines.
On June 11 and 17, 2025, Mr. Gearlds tested positive for fentanyl.
On July 7 and 15, 2025, Mr. Gearlds tested positive for fentanyl.
On July 21, 2025, Mr. Gearlds tested positive for fentanyl, opiates, and amphetamines.
On July 28, 2025, Mr. Gearlds tested positive for fentanyl and amphetamines.
On February 2, 2026, Mr. Gearlds tested positive for fentanyl and amphetamines.
On February 10 and 24, 2026, Mr. Gearlds tested positive for fentanyl and amphetamines.
When confronted with the results for the test on February 24, 2026, he admitted to using illegal substances.

2

(Dkt. 79).

At the hearing, the parties stipulated that the highest grade of violation is a Grade B violation, that Mr. Gearlds's criminal history category is IV, and the range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment. The Government argued for a sentence of 21 months' imprisonment followed by 12 months of supervision. Mr. Gearlds's counsel argued for 12 months' imprisonment with no supervision. After considering the factors set forth in 18 U.S.C. § 3553(a), the Magistrate Judge concluded that Mr. Gearlds violated the conditions set forth in the Amended Petition, and recommended that his supervised release be revoked and that he be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, with no supervised release to follow.

The Government filed a timely objection to the Report and Recommendation (Dkt. 85), and Mr. Gearlds filed a Response on April 20, 2026 (Dkt. 89). Neither party requested a hearing, and the Court determines no additional hearing is necessary. The Court has reviewed the parties' briefing and a transcript of the March 20, 2026 hearing.

## II.     LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. Fed. R. Crim. P. 59(b). The magistrate judge's recommendation on a dispositive matter is not a final order, and either party may object within fourteen days of being served with a copy of the same. Fed. R. Crim. P. 59(b)(2).

The Court will review *de novo* recommendations by a Magistrate Judge on dispositive motions. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the

case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Although no deference is owed to a magistrate judge's recommendations under the *de novo* standard, *Blake v Peak Prof. Health Servs. Inc.*, 191 F.3d 455 (Table), 1999 WL 527927, at *2 (7th Cir. 1999), this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000).

### III.    DISCUSSION

The Government objects only to the Magistrate Judge's recommended sentence of 12 months and 1 day with no supervised release to follow; it does not challenge the Magistrate Judge's recommended finding of facts nor the applicable Sentencing Guidelines range. In the Objection, the Government points out that Mr. Gearlds has been on supervised release for 20 of his 36-month term of supervised release and over that time has tested positive at least fourteen times for fentanyl and other dangerous drugs, including cocaine and methamphetamine (Dkt. 85 at 2). In light of the § 3553(a) factors, the Government believes the appropriate sentence is 21 months' imprisonment because "the offense conduct in no way justifies a significantly below-guidelines sentence," and because it "would create a perverse incentive structure that someone who repeatedly violates his/her release conditions should be rewarded with a reduced, below guidelines sentence, and early termination of their supervised release." *Id*. Alternatively, if the Court determines no supervision is to follow, the Government respectfully requests the Court impose a sentence of 24 months in prison because Mr. Gearlds is a danger to the community and the public needs to be protected from him. *Id*.

Mr. Gearlds's counsel responds that although Mr. Gearlds is a drug addict who has

struggled with sobriety, while under supervision, he has maintained employment as a union member, had some periods of sobriety, tearfully apologized for his conduct, and is ashamed and sincerely remorseful that he has disappointed himself and his family (Dkt. 89). Counsel argues other circumstances surrounding Mr. Gearlds warrant leniency. Counsel points out that there is no suggestion that Mr. Gearlds was engaged in dealing of narcotics, and the relevant statutes and guidelines reflect the societal belief that there is a difference between being a drug user/addict and a drug dealer.[1] *Id.* at 5. Counsel contends that the user/addict is a threat largely to himself and not the public at large. *Id.*

The Court notes that throughout his supervision, Mr. Gearlds has struggled with his sobriety.[2] Although Mr. Gearlds's criminal history is lengthy, the Court agrees with his counsel that it is reflective of someone who is an addict and not necessarily a threat to others. Mr. Gearlds has not been charged with or convicted of committing a new crime; instead, he has been unable to control his addiction. These circumstances, coupled with other special circumstances, do not present facts that warrant the maximum sentence plus additional supervision, to protect the public.

The Court finds that the Magistrate Judge's decision was well-considered and followed a hearing at which all parties were able to make arguments and respond to the Magistrate Judge's concerns. After a *de novo* review of the facts and evidence, including those found in the Magistrate Judge's Report and Recommendation, the testimony and argument presented at the revocation hearing, and the Government's Objection and Mr. Gearlds's Response, the Court concludes that a

---

[1] Despite a lengthy criminal history, Mr. Gearlds has never once been charged with dealing in narcotics.

[2] In February 2026, the Probation Officer reported that Mr. Gearlds had completed a 30-day inpatient substance abuse treatment program at Turning Point, Volunteers of America. Following his time at the inpatient facility, he maintained sobriety for a little over three months. He also completed outpatient substance abuse treatment in December 2025. Pertaining to this notice of noncompliance, Mr. Gearlds stated he relapsed due to trying to cope with some health issues his mother is experiencing. He expressed disappointment in himself and has requested to return to substance abuse treatment (Dkt. 73).

twelve-month-and-one-day period of incarceration, with no supervision to follow, is just punishment and a reasonable sanction for the violations. This sentence adequately addresses the seriousness of the noncompliance, provides just punishment, and will hopefully deter Mr. Gearlds from similar conduct in the future. Upon completion of his sentence, Mr. Gearlds would be wise to continue on his own with substance abuse treatment, as the consequences of an addiction to fentanyl and methamphetamine can be devastating.

## IV.   CONCLUSION

For the reasons stated herein, the Government's Objection to the Report and Recommendation (Dkt. 85) is **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 84).

The Probation Officer is **directed** to prepare a judgment for the Courts signature.

**IT IS SO ORDERED.**

Date:   4/29/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

MaryAnn Totino Mindrum
DOJ-USAO
maryann.mindrum@usdoj.gov

Kelly Rota
DOJ-USAO
kelly.rota@usdoj.gov

Electronic Notice to USPO

Electronic Notice to USM-C